**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE ESTRADA, an individual, | No. 1:24-cv-00257-KES-CDB |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND** |
| KAG WEST, LLC, an Ohio limited liability company; and DOES 1-100, | (Doc. 10) |
| Defendants. | |

This matter is before the court on plaintiff Jose Estrada's motion to remand this action to the Superior Court of the State of California for the County of Kern and request for related attorneys' fees, Doc. 10 ("Mot. to Remand"), following Defendant KAG West, LLC's second notice of removal to federal court. Doc. 1 ("Notice of Removal"). This matter is suitable for resolution without a hearing pursuant to Local Rule 230(g). Doc. 14. The court has considered the parties' briefs and, for the reasons explained below, will deny Estrada's motion to remand. Accordingly, the court will also deny Estrada's request for associated attorneys' fees.

**I.    Background**

Plaintiff Jose Estrada filed this action against his employer, KAG West, LLC ("KAG West"), J.D. Doe, and other fictitious defendants in Kern County Superior Court on March 16,

2023, alleging disability discrimination, failure to accommodate, and failure to engage in the interactive process under several subsections of Cal. Gov't Code § 12940; wrongful termination; intentional infliction of emotional distress; and failure to deliver personnel files in violation of Labor Code § 1198.5.  Notice of Removal, Ex. A ("Compl.").  Of the several claims, only the intentional infliction of emotional distress claim was brought against defendant J.D. Doe.  Compl. ¶¶ 45-50.

Estrada was employed by defendant KAG West as a semitruck driver from around October 27, 2018, until December 1, 2022.  Compl. ¶ 7.  The complaint alleges that as he was driving the semitruck, Estrada was struck by another vehicle and suffered numerous injuries to his back, wrists, and shoulders which impacted his ability to work.  Compl. ¶ 8.  Estrada further alleges that following his injuries, KAG West failed to provide him with reasonable accommodations to continue to do his job and ultimately terminated him because of these disabilities.  Compl. ¶¶ 11-12.  The complaint states that, due to the alleged employment discrimination, Estrada "suffered emotional distress, physical and mental injuries and general damages," "lost employment earnings and benefits, past and future," and "has incurred, and will continue to incur, attorney's fees and costs."  Compl. ¶¶ 19, 20, 26, 27, 33, 34.  Estrada's prayer for relief also includes requests for compensatory and punitive damages.  Compl. 9–10.  The complaint does not specify a dollar amount regarding Estrada's alleged damages or attorneys' fees.  *See generally* Compl.

KAG West filed its first notice of removal on April 21, 2023, based on diversity jurisdiction, alleging that, although Estrada and J.D. Doe were both citizens of California, J.D. Doe was a sham defendant named only for the purposes of defeating diversity jurisdiction and his citizenship should therefore be disregarded.  *See* Def. KAG West, LLC's Notice of Removal ¶ 5, *Estrada v. KAG W., LLC*, No. 1:23-cv-00626, 2023 WL 4174135 (E.D. Cal. June 26, 2023).  Estrada filed a motion to remand on May 3, 2023, in response, asserting that J.D. Doe was not a fraudulently joined defendant and that the amount in controversy was not met.  Motion to Remand 2-3, *Estrada*, No. 1:23-cv-00626, 2023 WL 4174135.  This court granted the motion to remand, stating that although the complaint "likely fail[ed] to state a plausible claim for IIED"

1   against J.D. Doe, the defect could potentially be remedied through an amendment to the

2   complaint and thus J.D. Doe was not a fraudulently joined defendant. *Estrada*, 2023 WL

3   4174135, at *3. Because the court found that there was not complete diversity between the

4   parties and remanded the case on that basis, it did not reach the question of whether the amount in

5   controversy was met. *Id.* at *4.

6   On February 21, 2024, Estrada voluntarily dismissed J.D. Doe from the case. *See* Notice

7   of Removal ¶ 11, Ex. JJ. On February 29, 2024, KAG West filed the present notice of removal,

8   again based on diversity jurisdiction, given the dismissal of the non-diverse, former defendant

9   J.D. Doe. *See generally* Notice of Removal.

10  On March 26, 2024, Estrada filed the present motion to remand, asserting that the present

11  notice of removal was not timely and that this court cannot exercise diversity jurisdiction over

12  this matter because there is not diversity of citizenship and the amount in controversy is not met.

13  *See generally* Mot. to Remand. Specifically, Estrada contends that KAG West first ascertained

14  that the matter was removable in April 2023, when it filed its first notice of removal, and

15  therefore this notice of removal is untimely. Mot. to Remand 7-8. In addition, Estrada asserts

16  that there is no diversity of citizenship due to the California citizenship of dismissed defendant

17  J.D. Doe and due to Estrada's intention to amend the complaint to name other California citizens

18  as defendants. Mot. to Remand 3-4. Finally, Estrada argues that the amount in controversy is not

19  met because Estrada's settlement offer of $250,000 was inflated and not indicative of his valuing

20  of his case, Estrada's lost wages are limited to between two and four weeks of missed work, or a

21  maximum of $5,392, and there is no guarantee that Estrada will be awarded compensatory or

22  punitive damages or attorneys' fees. Mot. to Remand 4-7.

23  On April 9, 2024, KAG West filed an opposition to the motion to remand, to which

24  Estrada replied on April 18, 2024. Docs. 11, 12.

25  **II.    Legal Standard**

26      **A.    Removal Jurisdiction**

27  A suit filed in state court may be removed to federal court if the federal court would have

28  had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Removal is proper when a case

originally filed in state court presents a federal question or where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. §§ 1331, 1332(a).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Acad. Of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (quoting *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004); *see also Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The defendant bears the burden of establishing that removal is proper."). As such, a federal court must reject jurisdiction and remand the case to state court if there is any doubt as to the right of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

28 U.S.C. § 1446(b) governs the time during which a defendant may properly remove a case from state court to federal court. A notice of removal must be filed within thirty days of the defendant receiving "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, if the pleading does not indicate the case is removable, the thirty-day deadline for removal begins to run when the defendant receives "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

"An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447. "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

    **B.**    **Diversity Jurisdiction**

A court may exercise diversity jurisdiction over a matter when there is diversity of

citizenship among the parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

### a. Diversity of Citizenship

An action may be removed to federal court on the basis of diversity jurisdiction only where there is complete diversity of citizenship between the parties. *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. §§ 1332(a), 1441(b)). For diversity purposes, a person is a citizen of a state if he or she is: (1) a citizen of the United States and (2) domiciled in that state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). An LLC is a citizen of the state of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of the state in which it is incorporated and the state in which its principal place of business is located. *See, e.g.*, *id.* (citing 28 U.S.C. § 1332(c)(1)). "In determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

### b. Amount in Controversy

A notice of removal must include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). The amount in controversy is calculated based upon "the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018). "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) (citation omitted).

When the "plaintiff's state court complaint does not specify a particular amount of damages, the removing [party] bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds" the threshold amount of $75,000. *Canela v. Costco Wholesale Corp.*, 971 F.3d 845, 849 (9th Cir. 2020) (citation omitted). Courts begin their inquiry by looking at the complaint, but "the amount-in-controversy inquiry in the removal

context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (citations omitted).  The court may also consider allegations in the removal petition, "summary-judgment-type evidence relevant to the amount in controversy," and evidence filed in opposition to the motion to remand.  *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (citation omitted); *see also Lenau v. Bank of Am., N.A.*, 131 F. Supp. 3d 1003, 1005 (E.D. Cal. 2015) (citing *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (per curiam)).  "[A] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."  *Acad. of Country Music*, 991 F.3d at 1069 (internal quotation marks omitted) (quoting *Cohn*, 281 F.3d at 840 (9th Cir. 2002)).

### III. Discussion and Analysis

#### A. Timeliness

KAG West's notice of removal is timely.  It was first ascertainable to KAG West that this case may be one in which removal is appropriate when KAG West received notice that Estrada voluntarily dismissed the only non-diverse defendant, J.D. Doe, on February 21, 2024.  KAG West filed this notice of removal eight days later, on February 29, 2024, well within the thirty days required by 28 U.S.C. § 1446(b)(3).

Estrada asserts that the notice of removal is untimely because KAG West previously filed a notice of removal on the basis of diversity jurisdiction on April 23, 2023, and therefore, KAG West must have first "ascertained this matter was 'removable'" then, more than thirty days prior to filing the present notice of removal.  Mot. to Remand 7.  This argument fails.  Though a defendant generally may not remove a case a second time following a remand, "[s]uccessive [removal] petitions are . . . permitted when the pleadings are amended to create federal subject-matter jurisdiction for the first time."  *Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1188 (9th Cir. 2015).  Where, as here, "the case was not removable on the basis of the initial pleading," it "became removable," and the thirty-day timeline under 28 U.S.C. § 1446(b)(3) was triggered, "when it became apparent that [the plaintiff] had abandoned his claims against [the non-diverse defendant]."  *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005).  In other words, "[w]here the voluntary dismissal or abandonment of a resident defendant creates complete

1  diversity between the parties to state proceedings, the nonresident defendant may remove the case
2  to federal court within thirty days of the dismissal or abandonment." *Schmidt v. Capitol Life Ins.*
3  *Co.*, 626 F. Supp. 1315, 1318 (N.D. Cal. Jan. 31, 1986) (citing 14a Wright, Miller & Cooper,
4  Federal Practice & Procedure, § 3732).  Here, though KAG West previously filed a notice of
5  removal on the basis of diversity jurisdiction, this court found that there was not diversity of
6  citizenship at that time because then-defendant J.D. Doe was a citizen of California like Estrada.
7  Diversity of citizenship was created only upon plaintiff Estrada's voluntary dismissal of J.D. Doe
8  on February 21, 2024.  Therefore, under § 1446(b)(3), KAG West was permitted to file a new
9  notice of removal on the basis of diversity jurisdiction within thirty days of receiving notice of the
10 dismissal of J.D. Doe.  Thus, KAG West's notice of removal is timely.

11 **B.    Diversity of Citizenship**

12 Following Estrada's voluntary dismissal of J.D. Doe, the only named, non-fictitious parties
13 in this action are now Estrada and KAG West, LLC.  It is undisputed that Estrada is a California
14 citizen, given his California residence, and KAG West, LLC, is a citizen of Delaware and Ohio,
15 given that KAG West's sole member is KAG Leasing, Inc., a Delaware corporation with its
16 principal place of business in Ohio.

17 Former defendant J.D. Doe was also a California citizen, which previously defeated
18 diversity.  Though Estrada voluntarily dismissed J.D. Doe from this suit, Estrada argues that the
19 court should still consider J.D. Doe's citizenship when determining whether diversity exists
20 between the parties because Estrada "had to dismiss [J.D. Doe] because [KAG West, LLC] was
21 threatening to in[i]tiate arbitration again through [J.D. Doe] as a tactic to remove the case to
22 federal court again." Mot. to Remand 4.  However, Plaintiff cites no authority, and this court is
23 aware of none, that would support taking into consideration the citizenship of a voluntarily
24 dismissed defendant when assessing diversity jurisdiction.  To the contrary, courts routinely hold
25 that complete diversity exists after a plaintiff has voluntarily dismissed all non-diverse
26 defendants.  *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 696 (9th Cir. 2005) (case became
27 removable once plaintiff abandoned his claims against non-diverse defendant); *see also*
28 *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 64 (1996) (explaining that, for purposes of contesting

7

removal, "[c]omplete diversity . . . existed" after dismissal of non-diverse party); *Bahdasarian v. Macy's, Inc.*, Case No. 2:21-CV-04153-AB (MAAx), 2021 WL 4026760, at *5 n.3 (C.D. Cal. Sept. 2, 2021) ("that a non-diverse defendant . . . was present prior to removal in the state court proceeding is not relevant to the diversity analysis since Plaintiff voluntarily dismissed [her] [prior to filing the notice of removal]" and "[her] citizenship is not at issue").

Estrada further argues that there is not diversity of citizenship because fictitious defendants Does 1-100 are California residents he plans to name as defendants in this action. Estrada even names a specific manager, Sarah Repella, as one such California citizen "Doe" that he plans to substitute as a defendant. Mot. to Remand 4. However, when determining if an action is removable based on diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded," 28 U.S. Code § 1441(b)(1), and "becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002) (citations omitted). Though Estrada indicated in his motion that he plans to seek leave to amend the complaint to add non-diverse California residents, he has not yet done so and thus the citizenship of any fictitious defendant, or Repella, is irrelevant to the jurisdictional analysis.[1] *See, e.g.*, *Rosas v. NFI Indus.*, No. 2:21-cv-00046 WBS CKD, 2021 WL 672989, at *4 (E.D. Cal. Feb. 22, 2021) (plaintiff's stated intent to amend her complaint to substitute two Doe defendants, whom plaintiff had addressed by name within complaint, did not defeat diversity because "neither individual [was] named as a party defendant" and plaintiff had not sought leave to amend to name them as defendants).

Because Estrada has not sought leave to amend his complaint to substitute a named defendant, and the only named defendant, KAG West, LLC, is diverse from Estrada, complete diversity exists in this action.

**C.    Amount in Controversy**

Estrada argues that the amount in controversy does not meet the $75,000 jurisdictional

---

[1] If Estrada subsequently seeks leave to amend the complaint to substitute non-diverse defendants for the Doe defendants, 28 U.S.C. § 1447(e) provides that the court "may deny joinder, or permit joinder and remand the action to the State court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690 (9th Cir. 1998) (quoting § 1447(e)).

1  requirement.  However, Estrada's initial settlement offer of $250,000, as well as the nature and
2  number of his claims and his related requests for damages and attorneys' fees, demonstrate
3  otherwise.

4  In his complaint, Estrada alleges lost wages and emotional distress and seeks
5  compensatory damages, punitive damages, and attorneys' fees.  After the case was initially
6  remanded to state court, Estrada made a settlement offer to KAG West of $250,000 to settle all
7  his claims in this case.  S*ee* Notice of Removal, Ex. HH.  A settlement offer is relevant evidence
8  of the amount in controversy "if it appears to reflect a reasonable estimate of the plaintiff's
9  claim."  *See, e.g.*, *Cohn*, 281 F.3d at 840.  In analyzing whether the dollar amount of a settlement
10 offer reflects a reasonable estimate of the claims, courts frequently review the record to determine
11 if the offer is "nothing more than posturing."  *Schmidt v. State Farm Ins. Co.*, Case No. 1:23-cv-
12 00052-JLT-EPG, 2023 WL 6370868, at *3 (E.D. Cal. Sept. 30, 2023).  A settlement letter may
13 hold less persuasive value if a plaintiff attempts to "disavow [the] letter."  *Cohn*, 281 F.3d at 840;
14 *see also Vitale v. Celadon Trucking Services, Inc.*, No. CV16-8535 PSG (GJSx), 2017 WL
15 626356, at *3 (C.D. Cal. Feb. 15, 2017) (collecting cases) ("[W]here a plaintiff takes steps to
16 disavow a damages estimate, the estimate, standing alone, is insufficient to show that the requisite
17 amount has been met.").  Here, though Estrada now asserts that the $250,000 settlement offer that
18 he made following the filing of his first motion to remand was "an inflated initial offer" and "not
19 an accurate assessment of [his] damages," *see* Doc. 12-1, the settlement letter itself stated that
20 Estrada's settlement demands will necessarily continue to increase due to the types of claims
21 asserted, rather than decrease, as the case continues.  In addition, when KAG West raised with
22 Estrada the potential for discussion of a settlement amount in the "mid 5 figure" range, Estrada
23 did not respond to the correspondence, which further indicates that Estrada values his claim
24 significantly above that amount.  Notice of Removal, Ex. LL.  Based on this, and an evaluation of
25 the claims that Estrada brings as set forth below, the court finds that the settlement letter was not
26 mere posturing.

27 When the complaint does not assert the amount of emotional distress damages or punitive
28 damages, "[t]o establish probable emotional distress and punitive damages, a defendant may

1    introduce evidence of jury verdicts from cases with analogous facts." *Owuor v. Wal-Mart*
2    *Assocs., Inc.*, No. 2:21-cv-02232-KJM-JDP, 2022 WL 1658738, at *3 (E.D. Cal. May 25, 2022)
3    (citing *Kroske*, 432 F.3d at 980). However, "to serve as benchmarks," such cases need not be
4    "perfectly analogous" but rather need only be "sufficiently similar." *See id.*
5        KAG West cites several cases in which employment claims under the Fair Employment
6    Housing Act ("FEHA") similar to Estrada's—*i.e.*, discrimination, failure to accommodate, failure
7    to engage in the interactive process, and wrongful termination—resulted in the award of
8    emotional distress damages and/or punitive damages in amounts that significantly exceeded
9    $75,000. *See, e.g.*, *Azzolin v. San Bernardino Cnty. Sherriff's Dept.*, No. CIVDS1206805, 2014
10   WL 4705874, at *2 (Cal. Super. Ct. Aug. 4, 2014) (emotional distress award of $250,000 where
11   plaintiff was fired after developing seizures and brought claims for disability discrimination,
12   failure to engage in the interactive process, and failure to accommodate). Though a few of the
13   employment discrimination cases that KAG West cites are distinguishable in that they are based
14   on age or pregnancy discrimination, rather than disability discrimination, they show that
15   "emotional distress damages in a successful employment discrimination case may be substantial"
16   and demonstrate "the potential for large punitive damage awards in employment discrimination
17   cases." *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. July 2, 2002) (finding
18   defendant met its burden of showing jurisdictional amount was met by preponderance of evidence
19   though defendant's "cited cases involve distinguishable facts" because cases cited showed that
20   emotional and punitive damage awards in employment cases can be quite significant).
21       Thus, KAG West's cited cases show that it is more likely than not that the amount in
22   controversy requirement is met by the potential emotional and punitive damages at issue alone.
23   *See Ochoa.*, 2023 WL 2861906, at *2-3 (citation to cases "involving single-plaintiff disability
24   discrimination, failure to engage in the interactive process and retaliation cases with
25   compensatory and punitive damages ranging from $295,000 to $1,284,000" was adequate to show
26   by preponderance of evidence that compensatory and punitive damages in case with similar
27   claims would likely exceed jurisdictional minimum).
28       In addition to assessing the potential amount of emotional distress and punitive damages,

a court must also assess prospective attorneys' fees when they are authorized by the relevant statute or contract. *See Kroske*, 432 F.3d at 980 (citation omitted). FEHA provides that "[i]n civil actions brought under this section, the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs." Cal. Gov't Code § 12965(c)(6). Thus, here, prospective attorneys' fees must be assessed when determining the amount in controversy. The estimation of the amount of the attorneys' fees proffered in the removal notice need not be proven to a legal certainty, but rather need only be reasonable. *Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 774 n.4 (9th Cir. 2020) (quoting *Dart Cherokee Basin Operating Co.*, 574 U.S. at 88). As with emotional distress and punitive damages, "the reasonableness of attorney's fees, when such fees are unascertainable on the face of the complaint, can be calculated by looking to attorney's fees awards in similar cases." *Ochoa*, 2023 WL 2861906, at *4 (E.D. Cal. April 10, 2023) (citation omitted). The *Ochoa* court noted that while some courts have used $30,000 as a "conservative estimate" of attorneys' fees in employment discrimination cases, the attorneys' fees in cases in which a plaintiff brings multiple claims under FEHA, such as disability discrimination, failure to engage in the good faith interactive process, and failure to accommodate, would likely exceed the jurisdictional amount. *Id.*

This case is similar to *Ochoa* and other cases involving a single plaintiff bringing various disability discrimination claims under FEHA where courts have found the attorneys' fees alone would more likely than not exceed the jurisdictional minimum. *See, e.g.*, *id.* (attorneys' fees more than likely not exceeded jurisdictional minimum where plaintiff claimed various forms of disability discrimination, harassment, retaliation, and failure to engage in the interactive process); *Azzolin*, 2014 WL 4705874, at *2 ($506,313 in attorneys' fees awarded on claims of disability discrimination, failure to engage in interactive process, and failure to accommodate). However, even assuming the more conservative estimate of $30,000 for attorneys' fees, the amount in controversy would be met by a preponderance of the evidence, given that such an amount would be added to the compensatory and punitive damages amounts at issue.

Estrada's citation to employment discrimination cases in which the jury did not find for the plaintiff, and therefore damages and attorneys' fees were not awarded, misses the mark. As

KAG West correctly points out, the inquiry is not a prospective assessment of the defendant's liability or the likelihood of the plaintiff's success; rather, the inquiry focuses on how much the plaintiff has put into controversy through its claims. Estrada has put compensatory damages, punitive damages, and attorneys' fees at issue, and therefore, it is correct to assess the potential awards for such damages if his claims are successful.

Finally, the parties dispute the amount of lost wages in controversy. Estrada asserts that he was out of work only for between two and four weeks and his lost wages are therefore limited to a maximum of $5,392. In its notice of removal, KAG West asserts that it is reasonable, and even conservative, to estimate Estrada's lost wages as one year of past losses and one year of future losses using Estrada's annual salary of $70,096, given that the complaint alleges both past and future losses of employment earnings. *See, e.g.*, *Tipton v. Airport Terminal Servs., Inc.*, 2019 WL 185687, at *8 n.5 (C.D. Cal. Jan. 14, 2019) (explaining that past wages constitute lost wages from the date of termination of employment until the date of the notice of removal and future wages constitute lost wages from the date of removal until the case's resolution); *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ("If a plaintiff claims at the time of removal that her termination caused her to lose future wages . . . there is no question that future wages are 'at stake' in the litigation"). At the very least, KAG West argues that the amount of lost wages should be calculated as Estrada's asserted past losses of $5,392 plus one year of future losses. However, even assuming without deciding that $5,392 is the extent of Estrada's lost wages, KAG West has shown that, including Estrada's claims for emotional distress damages, punitive damages, and attorneys' fees, the amount in controversy more likely than not exceeds $75,000. Estrada's $250,000 settlement offer confirms this.

Therefore, given Estrada's $250,000 settlement offer as well as the nature and number of his claims and related prayers for damages and attorneys' fees, KAG West has shown by a preponderance of the evidence that the amount in controversy in this action exceeds the $75,000 jurisdictional threshold.

### D.     Attorney's Fees Associated with the Notice of Removal

Given that the motion to remand is denied, plaintiff's request for attorneys' fees relating to

the notice of removal is also denied as moot.

**IV.     Conclusion and Order**

Based upon the foregoing, Plaintiff's motion to remand, Doc. 10, is **DENIED**.

IT IS SO ORDERED.

Dated:    June 6, 2024

UNITED STATES DISTRICT JUDGE