UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ESTRADA, an individual<br><br>Plaintiff,<br><br>v.<br><br>KAG WEST, LLC, an Ohio limited liability company; J.D. DOES, an individual, and DOES 1-100,<br><br>Defendant. | No. 1:24-cv-00257-KES-CDB<br><br>ORDER DENYING DEFENDANT'S MOTION<br><br>Doc. 44 |

    This action is set for a jury trial on October 21, 2025, on plaintiff Jose Estrada's claims against defendant KAG West, LLC ("KAG West") for failure to accommodate in violation of section 12940(n) of the Fair Employment Housing Act ("FEHA"), failure to engage in good faith in the interactive process in violation of section 12940(m) of FEHA, and wrongful termination in violation of public policy. Doc. 42 at 2. The final pretrial conference was held on August 11, 2025, Doc. 41, and the Court issued its tentative pretrial order that same day, Doc. 42. Neither party filed any objections and the pretrial order became final on August 18, 2025. Doc. 42 at 33.

    On August 26, 2025, KAG West filed a motion to compel all of Estrada's claims to arbitration and to stay the case pending completion of arbitration. Doc. 44. Specifically, KAG West—whose right to compel arbitration was previously deemed waived by the Kern County

Superior Court for failure to timely pay an arbitration fee, Doc. 44-6 at 8—now argues that an August 11, 2025 decision by the California Supreme Court constitutes a material change in the law and restores its right to compel arbitration, even at this late stage of the proceedings.[1] Doc. 44 at 2.  The motion is fully briefed, and the Court took it under submission on the papers pursuant to Local Rule 230(g) on September 26, 2025.  Docs. 46, 47, 49.

The pretrial order confirmed defendant KAG West's position that "Defendant abandons its First (Arbitration) . . . Affirmative Defense[]."  Doc. 42 at 23.  The pretrial order further provided that "[a]ny . . . affirmative defenses not explicitly asserted in the pretrial order under points of law at the time it becomes final are dismissed and deemed waived."  *Id.*  Accordingly, the Court construes KAG West's motion to compel arbitration and stay the case as a motion to modify the final pretrial order.  For the reasons explained below, KAG West's motion is denied.

## I.  BACKGROUND[2]

Estrada initiated this action in the Kern County Superior Court on March 16, 2023. Doc. 1 at 15–24.  In the state court proceedings, KAG West moved to compel arbitration; the

---

[1] In connection with its pending motion, KAG West requests that judicial notice be taken of two Kern County Superior Court orders addressing the parties' prior arbitration-related litigation, and of the JAMS Employment Arbitration Rules & Procedures effective June 1, 2021.  Doc. 44-6. Estrada does not oppose the request.  Under Federal Rule of Evidence 201, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201(b).  Courts "may take judicial notice of undisputed matters of public record, including documents on file in federal or state courts."  *Harris v. Cnty. of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (citation omitted).  Here, the Kern County Superior Court orders are part of the docket in this case, as they were filed in this action while it was pending in the state court.  KAG West included the orders as attachments to its notice of removal filed in this case.  *See* Doc. 1 at 566–67, 711–12.  The Kern County Superior Court's orders would also be judicially noticeable as court orders on file in a state court case.  Similarly, the JAMS rules are a matter of public record not subject to reasonable dispute and are properly subject to judicial notice.  *See Cooper v. Adobe Sys. Inc.*, No. 18-CV-06742-BLF, 2019 WL 5102609, at *4 (N.D. Cal. Oct. 11, 2019) (taking judicial notice of JAMS Rules).  Therefore, KAG West's request for judicial notice is granted.

[2] The parties are familiar with the relevant factual and procedural background giving rise to this action, which is reflected in prior orders and largely need not be repeated here.  *See* Docs. 17, 36. The Court incorporates by reference the undisputed facts as set forth in the final pretrial order. Doc. 42 at 3–4.  The Court addresses the factual and procedural background below only as necessary to address the pending motion.

superior court granted its motion on September 21, 2023.[3]  Doc. 44-6 at 5–6.  On October 19, 2023, Estrada served a demand for arbitration on KAG West.  Doc. 44-2 at 4–6.  Approximately one week later, counsel for Estrada sent counsel for KAG West the following email: "Instead of paying the large deposit for arbitration in this case, how about we talk settlement or schedule a mediation?  Please suggest mediators or send an opening offer."  *Id.* at 20.  KAG West indicates it "agreed to and did in fact engage in settlement conversations and, ultimately, a mediation . . . on January 11, 2024."  *Id.* at 2.  On December 7, 2023, Estrada notified KAG West that he wished to withdraw from arbitration as KAG West had not paid the JAMS fee.  *Id.* at 22.  KAG West paid the JAMS fee the following day.  *Id.* at 29–31.

On December 11, 2023, Estrada filed a motion to vacate the Kern County Superior Court's order compelling arbitration, pursuant to California Code of Civil Procedure section 1281.98.  *Id.* at 35–37.  Section 1281.98(a)(1) provides:

> In an employment or consumer arbitration that requires, either expressly or through application of state or federal law or the rules of the arbitration provider, that the drafting party pay certain fees and costs during the pendency of an arbitration proceeding, if the fees or costs required to continue the arbitration proceeding are not paid within 30 days after the due date, the drafting party is in material breach of the arbitration agreement, is in default of the arbitration, and waives its right to compel the employee or consumer to proceed with that arbitration as a result of the material

---

[3] On August 23, 2018, as part of his employment with KAG West, Estrada signed a "Mutual Agreement to Arbitrate" ("MAA").  Doc. 44-4 at 4–5.  A section titled "Claims Covered By This Agreement" states, in part, as follows:
> The Company and I agree to resolve exclusively through binding arbitration all claims [. . .] whether or not arising out of my employment (or its termination), that the Company may have against me or that I may have against [. . .] the Company [. . . .] includ[ing] claims of discrimination, harassment, retaliation, wrongful termination, unpaid wages of any kind, violations of wage and hour laws, breach of contract, defamation, and all other claims related to the employment relationship (or its termination), regardless of whether the claim is brought by me or the Company.  We also agree to arbitrate any claims regarding the formation, enforceability, or validity of this Agreement.

*Id.* at 4.  The MAA provides that arbitration "will be administered by JAMS in accordance with the JAMS Employment Arbitration Rules & Procedures."  *Id.*  It also contains a primary choice-of-law provision specifying that the "Federal Arbitration Act shall govern the interpretation and enforcement of this Agreement," along with a fallback choice-of-law provision directing application of state arbitration law based on the location of employment if the FAA is inapplicable.  *Id.* at 5.

3

breach.

Cal. Code Civ. Proc. § 1281.98(a)(1). The statute further states that, if the drafting party is in default under section 1281.98(a)(1), the employee or consumer party may unilaterally elect, among other options, to "[w]ithdraw the claim from arbitration and proceed in a court of appropriate jurisdiction." *Id.* § 1281.98(b)(1). The Kern County Superior Court granted Estrada's motion on February 21, 2024, and vacated the order compelling the matter to arbitration. Doc. 44-6 at 8. Relying on the plain language of section 1281.98(a) and reasoning that the California Legislature intended for the statute to be strictly applied when the drafting party failed to pay arbitration fees by the statutory deadline, the superior court found that KAG West's failure to pay the arbitration fees within the statutory 30-day period triggered a waiver of its right to compel Estrada's claims to arbitration. *Id.*

The action was subsequently removed to this Court and is currently set for trial on October 21, 2025. On August 11, 2025, the same day this Court issued its tentative pretrial order, the California Supreme Court issued its decision in *Hohenshelt v. Superior Ct. of Los Angeles Cnty.*, 335 Cal. Rptr. 3d 532 (2025). The question presented in *Hohenshelt* was whether the FAA "preempts California Code of Civil Procedure section 1281.98, a provision of the California Arbitration Act (CAA; Code Civ. Proc., § 1280 et seq.) that governs the payment of fees in employment and consumer arbitrations." *Hohenshelt*, 335 Cal. Rptr. 3d at 538.

The California Supreme Court held that "section 1281.98, properly construed, is not preempted by the FAA." *Id.* The Court reached this conclusion in part based on its interpretation of the statute as permitting a party to show that its failure to timely pay the arbitration fee was excusable based on a good faith mistake, inadvertence, or other excusable neglect:

> Although section 1281.98 has been interpreted by various Courts of Appeal to impose an inflexible and sometimes harsh rule resulting in loss of arbitral rights, we reject that rigid construction and instead conclude that the statute does not abrogate the longstanding principle, established by statute and common law, that one party's nonperformance of an obligation automatically extinguishes the other party's contractual duties only when nonperformance is willful, grossly negligent, or fraudulent. As explained below, the Legislature sought to deter companies and employers from engaging in *strategic* nonpayment of arbitration fees; we find no indication that it intended to strip companies and

4

> employers of their contractual right to arbitration where nonpayment of fees results from a good faith mistake, inadvertence, or other excusable neglect.

*Id.* Construed this way, the court explained, the statute was not in conflict with federal arbitration law. *Id.* at 538–39. Recognizing that section 1281.98 was enacted "against the backdrop of longstanding statutes that authorize courts to prevent unjust forfeitures of contractual rights," *id.* at 545–56, *Hohenshelt* clarified that "a drafting party can avoid forfeiture of its right to arbitration by showing that the delay [in payment] was excusable under [California Code of Civil Procedure] section 473, Civil Code section 3275, or Civil Code section 1511, the background principles that generally apply to other contractual obligations." *Id.* at 555.

The Court's tentative pretrial order in this case, issued on August 11, 2025, provided that any objections to the order were due within seven days. Doc. 42 at 33. It also provided that "[i]f no objections are filed, this order will become final without further order of the Court." *Id.* It notified the parties that "[s]trict compliance with this pretrial order and its requirements is mandatory." *Id.* at 34. No party filed objections, *see* docket, and the pretrial order became final on August 18, 2025.

The pretrial order provides that "pursuant to Rule 16(e) of the Federal Rules of Civil Procedure and Local Rule 283 of this Court, this order shall control the subsequent course of this action and shall be modified 'only to prevent manifest injustice.'" Doc. 42 at 33. The pretrial order also states, in bold and all caps: "**ANY CAUSES OF ACTION OR AFFIRMATIVE DEFENSES NOT EXPLICITLY ASSERTED IN THE PRETRIAL ORDER UNDER POINTS OF LAW AT THE TIME IT BECOMES FINAL ARE DISMISSED AND DEEMED WAIVED.**" *Id.* at 23. In the parties' joint pretrial statement, defendant KAG West confirmed that "Defendant abandons its First (Arbitration) . . . Affirmative Defense[]." Doc. 39 at 21; *see also* Doc. 1 at 45. Defendant's abandonment of its affirmative defense of a right to arbitration is specifically confirmed in the pretrial order. Doc. 42 at 23.

KAG West filed its motion to compel arbitration and stay judicial proceedings on August 26, 2025. Doc. 44. Its motion does not address the pretrial order, let alone the fact that the pretrial order confirms that KAG West abandoned its affirmative defense of a right to

5

arbitration. KAG West's motion was also filed long after the motion filing deadlines set in this case. The scheduling order required non-dispositive motions to be filed by January 22, 2025; it required dispositive motions to be filed by March 12, 2025. Doc. 21.

As KAG West's motion seeks relief that is barred by the final pretrial order, the Court construes it as a motion to modify the final pretrial order and evaluates it under the standard applicable to such motions. *See United States ex rel. Hoggett v. Univ. of Phoenix*, 863 F.3d 1105, 1108 (9th Cir. 2017) (recognizing that a motion's nomenclature is not controlling and explaining that motions should be construed to be the type proper for the relief requested).

## II. LEGAL STANDARD

"Pretrial orders play a crucial role in implementing the purposes of the Federal Rules of Civil Procedure 'to secure the just, speedy, and inexpensive determination of every action.'" *United States v. First Nat. Bank of Circle*, 652 F.2d 882, 886 (9th Cir. 1981) (quoting Fed. R. Civ. P. 1). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (quoting *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011)). A final pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Such an order may be modified under Rule 16(e) "only to prevent manifest injustice." Fed. R. Civ. P. 16(e).

In determining whether to modify a pretrial order, the Ninth Circuit has instructed that district courts should consider the following factors:

> (1) the degree of prejudice or surprise to the [nonmoving party] if the order is modified; (2) the ability of the [nonmoving party] to cure any prejudice; (3) the impact of the modification on the orderly and efficient conduct of the case; and (4) any degree of willfulness or bad faith on the part of the party seeking the modification.

*Hunt*, 672 F.3d at 616 (quoting *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998), *superseded by statute on other grounds as noted in Hunt*).[4] "It is the moving party's burden to show that a

---

[4] *Hunt* and *Byrd* set forth these factors in addressing motions filed by plaintiffs. *Hunt*, 672 F.3d at 616–17; *Byrd*, 137 F.3d at 1131–32. Here, the first two factors are adjusted, reflecting that

6

1   review of these factors warrants a conclusion that manifest injustice would result if the pretrial

2   order is not modified." *Byrd*, 137 F.3d at 1132 (citing *R.L. Clark Drilling Contractors, Inc. v.*

3   *Schramm, Inc.*, 835 F.2d 1306, 1308 (10th Cir. 1987)).  Moreover, "a party's lack of diligence

4   might undercut its attempts to prove 'manifest injustice.'" *Wilson v. Pan NorCal, LLC*, No.

5   218CV00660KJMKJN, 2023 WL 8788787, at *2 (E.D. Cal. Dec. 18, 2023) (citing *WLD Invs.,*

6   *Inc., v. Xecom Corp.*, 35 F. App'x 609, 612 (9th Cir. 2002)); *see also Nunes v. Cnty. of*

7   *Stanislaus*, No. 117CV00633DADSAB, 2021 WL 4050935, at *2 (E.D. Cal. Aug. 27, 2021)

8   ("Other courts, including those of this District, have held that a movant must also make a showing

9   of diligence.").

10  **III.    ANALYSIS**

11          KAG West argues that Estrada entered into a valid and enforceable arbitration agreement

12  covering all the remaining claims in this action.  It also asserts that it has not waived its right to

13  arbitrate given *Hohenshelt*'s clarification of the proper standard for a waiver under section

14  1281.98 due to untimely payment of an arbitration fee.  KAG West also contends that the MAA

15  clearly and unmistakably delegates to the arbitrator all threshold questions of arbitrability—

16  including validity and enforceability—and that the JAMS rules selected in the MAA allow for the

17  arbitrator to determine jurisdiction and arbitrability issues such that any of those types of

18  challenges must be resolved in arbitration.

19          Estrada contends that (1) KAG West's motion is untimely under California Code of Civil

20  Procedure section 473(b), (2) KAG West waived its right to compel arbitration, (3) KAG West

21  intentionally delayed payment of the JAMS fee and therefore cannot rely on *Hohenshelt* to assert

22  that its right to compel arbitration is restored, and (4) KAG West's characterization of Estrada's

23  October 2023 email, which proposed settlement or mediation, as an invitation for KAG West to

24  disregard its statutory payment obligation is inaccurate and unsupported.

25          The Court first considers whether KAG West has satisfied its burden to modify the final

26  pretrial order.  Consideration of the relevant factors weighs against granting KAG West's motion.

27

28  defendant KAG West filed the motion.

7

1        First, modifying the pretrial order would prejudice or surprise Estrada, as KAG West

2 unequivocally abandoned its affirmative defense of arbitration when the pretrial order became

3 final on August 18, 2025.  Notably, both *Hohenshelt* and the tentative pretrial order were issued

4 on August 11, 2025, yet KAG West offers no explanation for why it failed to file its motion or

5 object to the tentative pretrial order—or at least request an extension of time to object—before the

6 pretrial order became final.  Permitting KAG West to belatedly raise the issue of arbitration

7 would unfairly prejudice Estrada, given that the final pretrial order confirms KAG West's waiver

8 of this defense and the parties have prepared for a jury trial.  KAG West knowingly failed to

9 preserve in the pretrial order its affirmative defense of a right to arbitration.  The Ninth Circuit

10 has "consistently held that issues not preserved in the pretrial order have been eliminated from the

11 action." *Hunt v. Cnty. of Orange*, 672 F.3d 606, 617 (9th Cir. 2012) (quoting *S. California Retail*

12 *Clerks Union & Food Emps. Joint Pension Tr. Fund v. Bjorklund*, 728 F.2d 1262, 1264 (9th Cir.

13 1984)).

14        Second, although KAG West asserts that JAMS arbitrators would be available to conduct

15 an arbitration hearing in late October 2025, this does little to cure the prejudice that would result

16 if the parties were ordered to proceed to arbitration at this late stage.  Estrada has spent time and

17 resources litigating in this Court, including opposing a motion for summary judgment and

18 preparing for a jury trial.  Reopening the door to arbitration at this stage would upend trial

19 preparation efforts, compound costs, waste judicial and party resources, and likely further delay

20 resolution of this action.  The prejudice that would result from such a disruption is substantial and

21 cannot meaningfully be cured as KAG West suggests.

22        Third, for many of the same reasons just stated and particularly given the imminency of

23 trial, modifying the pretrial order to allow KAG West to reassert its arbitration defense would

24 significantly disrupt the orderly and efficient conduct of the case.

25        Fourth, while there may be no direct evidence of bad faith, KAG West's lack of care and

26 attention to the deadline in the tentative pretrial order reflects a failure to act with diligence.

27 KAG West offers no justification for its failure to raise the arbitration issue before the pretrial

28 order became final.  This lack of diligence weighs against modification.

For these reasons, KAG West has not met its burden to show that manifest injustice would result unless the pretrial order were modified at this late stage to allow it to pursue its waived affirmative defense of a purported right to arbitration.

Additionally, even if its motion did not conflict with the pretrial order, KAG West fails to establish that it would be entitled to the relief it seeks. KAG West's motion essentially seeks reconsideration of the superior court's order vacating that court's prior order compelling arbitration. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 887 (9th Cir. 2010) (explaining that after a case is removed to federal court, "an order entered by a state court should be treated as though it had been validly rendered in the federal proceeding."). Under Rule 54(b), a district court may revise an interlocutory order in its discretion. However, reconsideration of a prior ruling is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Reconsideration of a prior order is appropriate "if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

To the extent KAG West contends that an arbitrator must decide gateway issues of enforceability and validity of the parties' arbitration agreement, that argument was not dependent on *Hohenshelt*—which does not address the issue of determining gateway issues of arbitrability—and could have been raised earlier in the proceedings. KAG West fails to establish any basis for reconsideration of the prior ruling on this ground. "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). And a "failure to act diligently and argue persuasively does not entitle [a party] to a second bite at the apple." *Berman v. Freedom Fin. Network, LLC*, No. 18-CV-01060-YGR, 2020 WL 6684838, at *5 (N.D. Cal. Nov. 12, 2020) (denying motion for reconsideration of order denying motion to compel arbitration), *aff'd*, 30 F.4th 849 (9th Cir. 2022).

To the extent KAG West argues that *Hohenshelt*'s holding—that the failure to timely pay arbitration costs is not an *automatic* waiver under § 1281.98(a) of a right to proceed in arbitration—represents an intervening change in controlling law, KAG West fails to meet its burden of showing that any potential exception identified in *Hohenshelt* would excuse its failure to timely pay the arbitration fee in this case.  While *Hohenshelt* instructs that "one party's nonperformance of an obligation automatically extinguishes the other party's contractual duties only when nonperformance is willful, grossly negligent, or fraudulent," the nonperforming party seeking relief from section 1281.98's strictures must still "show[] that the delay was excusable under [California Code of Civil Procedure] section 473, Civil Code section 3275, or Civil Code section 1511."  *Hohenshelt v. Superior Ct. of Los Angeles Cnty.*, 335 Cal. Rptr. 3d 532, 538, 555 (Cal. 2025).  KAG West fails to make that showing.[5]

KAG West has failed to establish that, after *Hohenshelt*, a different result is required than the one reached by the superior court.  *Hohenshelt* does *not* say that untimely payment of arbitration fees is automatically excusable; the nonperforming party (here, KAG West) has the burden of showing that excusable neglect would apply.  KAG West offers little evidence in this regard and fails to establish excusable neglect.  KAG West's declaration from counsel cites to an October 27, 2023 email from plaintiff's counsel that states, "Instead of paying the large deposit for arbitration in this case, how about we talk settlement or schedule a mediation."  Doc. 44-2 at 20.  The declaration then briefly notes that the parties subsequently engaged in settlement conversations and a mediation.  Doc. 44-2 at 2.  However, the declaration does not provide KAG West's response to the email or otherwise shed any light on the effect, if any, this one email from plaintiff's counsel had on KAG West's decisions with respect to payment of the arbitration fee.  *See* Doc. 44-2 at 1–2.  Instead, KAG West offers a conclusory one sentence argument as to why

---

[5] Given the Court's findings that the pretrial order confirms KAG West's waiver of any claimed right to proceed in arbitration, that KAG West has failed to establish a basis to modify the pretrial order, and that KAG West has also not met its burden to show that its failure to timely pay the arbitration fee was due to excusable neglect, this Order need not address plaintiff's argument that the time limits in Cal. Code Civ. P. 473(b) for seeking relief under that statute would apply in this action and would bar KAG West's excusable neglect argument as untimely.

its untimely payment should be excused:

> As such, KAG West should be allowed to arbitrate Estrada's claims as its slight delay in payment (following Estrada's invitation to delay payment of the fee and mediate) was not willful, fraudulent, or grossly negligent, but rather reflects the type of inadvertence for which equitable principles are designed to provide relief.

Doc. 44-1 at 19. KAG West bears the burden of establishing excusable neglect; its perfunctory argument does not meet its burden.[6]

**IV.    CONCLUSION**

For the reasons explained above, KAG West's motion, Doc. 44, is denied.

IT IS SO ORDERED.

Dated:   October 4, 2025

UNITED STATES DISTRICT JUDGE

---

[6] To the extent KAG West argues the issue of excusable neglect more extensively for the first time in its reply, those arguments are waived. *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) (noting arguments raised for the first time in a reply brief are waived).

11